# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CURTIS COLLINS,<br><br>            Petitioner,<br><br>v.<br><br>PAUL SCHULTZ,<br><br>            Respondent. | 1:05-cv-00094-AWI-TAG HC<br><br>ORDER DIRECTING CLERK<br>OF THE COURT TO CONSOLIDATE<br>THE FOLLOWING CASES:<br><br>1:05-cv-00094-AWI-TAG-HC<br>and 1:05-cv-00095-REC-DLB-HC |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on January 24, 2005. (Doc. 1).

In his petition, Petitioner challenges the decision of a disciplinary hearing officer concluding that Petitioner failed to provide a urine sample when requested to do so on August 19, 2002. (Doc. 1, p. 3). The hearing officer's decision resulted in Petitioner losing forty days of good conduct credits and being placed in disciplinary segregation for thirty days. (Doc. 1, Attach. p. 3). Petitioner is presently confined at United States Penitentiary, Atwater, California, which is located within the jurisdiction of this Court. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

### DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions pending before the court that involve common questions of law and fact:

1

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of consolidation is to enhance court efficiency (i.e., to avoid unnecessary duplication of evidence and procedures) and to avoid substantial danger of inconsistent adjudications (i.e., different results because tried before different juries or judges). E.E.C.O. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is permitted as a matter of convenience and economy in administration. Johnson v. Manhattan Ry., 289 U.S. 479, 496-497 (1933). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." Seguro de Servicio de Salud v. McAuto Sys. Group, 878 F.2d 5, 8 (1st Cir. 1989). The single essential requirement is the presence of questions of law or fact common to the cases to be consolidated. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).

"To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D.Cal. 1989). A court "must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." Rohm & Hass Co. v. Mobil Oil Corp., 525 F.Supp. 1298, 1309 (D.Del.1981)(citing Continental Bank & Trust Co. v. Platzer, 304 F.Supp. 228, 229-230 (S.D.Tex. 1969)).

Thus, in addressing consolidation, a court should consider:

(1) The risk of delaying trial, Mills v. Beech Aircraft Corp., 886 F.2d 758, 762 (5th Cir. 1989)(consolidation may be denied where the cases involved are at different stages of preparedness for trial);

(2) The risk of prejudice and confusion, Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1008 (2nd Cir. 1995)(the risk of prejudice and confusing the jury from consolidating separate cases must be weighed against the risk of inconsistent adjudications if they are consolidated);

1          (3) The burden on parties, witnesses, and available judicial resources, Johnson v. Celotex
2  Corp., 899 F.2d 1281, 1285 (2nd Cir. 1990)(added time will be required in trying multiple
3  lawsuits consolidated for trial, with greater inconvenience and expense to all concerned).
4          As discussed, in Case No. 1:05-cv-00094-AWI-TAG, Petitioner contends that he was
5  wrongfully disallowed good conduct credits and placed in disciplinary segregation for failing a
6  urine test for drugs on August 19, 2002.  Petitioner raises the following claims: (1) prison
7  personnel violated Bureau of Prisons policies on administering urine tests, including charging
8  Petitioner with a disciplinary violation, when he spilled two urine samples and was unable to
9  provide a valid sample within the allotted two-hour time limit; and (2) Petitioner was denied a
10 fair hearing because he was not permitted to call a witness to testify to the fact that Petitioner
11 dropped the urine samples inadvertently.  (Doc. 1, pp. 3-4).
12         Case No. 1:05-cv-00095-REC-DLB, was filed on the same date as the instant petition,
13 January 24, 2005, and raises three claims: (1) Petitioner was denied the right to present witnesses
14 at his disciplinary hearing that would have proven that Petitioner never gave a urine sample on
15 August 17, 2002, as alleged at his disciplinary hearing; (2) Petitioner was disciplined for an
16 incident, i.e., failing a urine analysis test on August 17, 2002, that never occurred; and (3)
17 Petitioner's disciplinary hearing was illegal because it was not held within 72 hours of the
18 incident. (Doc. 1, pp. 3-3a).
19         The two cases raise common issues of fact.  Each involves a disciplinary process that
20 arises out of a failed urine test; the two urine tests were two days apart; Petitioner denies that the
21 earlier urine sample was provided on August 17, 2002; he alleges that in fact the only sample he
22 attempted to provide was on August 19, 2002; and Petitioner alleges that the report of his failure
23 to provide a urine sample on August 17, 2002,  was a false report that actually referred to the
24 urine sample Petitioner provided on August 19, 2002.  Thus, although the two petitions involve
25 separate disciplinary hearing officer reports, and the hearings themselves were conducted on
26 different dates approximately two weeks apart, the factual allegations in the two petitions are
27 closely intertwined.
28 ///

Moreover, there are common issues of law since Petitioner contends in both petitions that he was denied a fair hearing because he was not permitted to call witnesses who would corroborate Petitioner's allegation that he did not give a urine sample on August 17, 2002, but instead attempted to give unsuccessful ones on August 19, 2002.

Considering the factors relevant to consolidating cases, the Court concludes that the two cases should be consolidated. Respondent filed an answer to both petitions on May 23, 2005. Thus, the two cases are at precisely the same stage. Also, given the similarities between the allegations in both petitions, it appears that the risk of prejudice and confusion in proceeding independently with the two petitions would be greater at this juncture than if the cases were consolidated. Finally, the burden on the parties, witnesses, and available judicial resources weighs in favor of consolidation. The parties are identical in both petitions, Respondent is represented by the same counsel in both petitions, and assignment of both cases to the same judge(s) would eliminate potential redundancy and promote judicial efficiency. Accordingly, the Court will order the two cases to be consolidated.

**ORDER**

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to consolidate case No. 1:05-cv-00095-REC-DLB-HC, and No. 1:05-cv-00094-AWI-TAG-HC, for all purposes. Insofar as Case No. 1:05-cv-00094-AWI-TAG-HC was the first action Petitioner filed with the Court, it will be considered the lead case. The Clerk of the Court is DIRECTED to administratively close Case No. 1:05-cv-00095-REC-DLB-HC. The Court will construe the consolidated petitions as one action.

2. The parties SHALL IDENTIFY all future pleadings by the case number of the lead case.

IT IS SO ORDERED.

**Dated:   June 16, 2005**            /s/ Theresa A. Goldner
j6eb3d                                UNITED STATES MAGISTRATE JUDGE

4